Nott, J.,
delivered the opinion of the court:
Payment is not ordinarily presumed. When the plaintiff has proved his demand it is not necessary for him also to prove that the defendant has not discharged the indebtedness. But the rule which casts the'ohms probandi upon the defendant, like other rules of law, may be affected by the facts and circumstances of the case, and modified by reasonable presumptions. Where the terms of a sale, express or implied, are cash on delivery, the silence, acquiescence, and inaction of the vendor will raise the presumption after awhile that the agreement was carried out according to its terms by both parties. Where his unreasonable neglect to prosecute his demands brings it within the statute of limitations, the presumption becomes one of law, and the debt is as effectually discharged as if payment were proved. The act referring the present case to this court relieves the claimant from this legal presumption of payment, but leaves it subject to all presumption of fact.
It appears in this case that the price was payable on the delivery of the cattle ; that the officer to whom they were delivered is dead; that the defendants placed in his hands sufficient funds to discharge this indebtedness; that it was his official duty to do so, and that there are no accounts or reports which indicate that he did not. It also appears that the claimant *141 did not report the violation of the contract to the commanding officer of the post ; that he waited upwards of thirty-four years before he presented his claim to Congress, or to any depart ment or officer of the Government; that he waited upwards of thirty years after the death of the officer who made the purchase; that every officer who might have been cognizant of the payment, if made, had died before the suit was brought; and that the averment of nonpayment rests entirely upon the testimony of the claimant himself, unsupported by any voucher, ' receipt, acknowledgment, letter, or memorandum.
On these facts and circumstances we are of the opinion that a presumption arises that the debt was paid when the goods were delivered; and that the evidence is insufficient to rebut the presumption or to support a judgment.
There is also in this case the element of agency. The agent was authorized to purchase for cash and was not authorized to buy on credit. He was supplied with money to pay for the cattle, and the agreement into which he entered required immediate payment. When the claimant found that this agreement was not carried out he was bound to notify the principal within a reasonable time. If courts were to allow principals in cases of ordinary litigation to be held liable under such conditions as are disclosed by this case, it would render insecure the whole business of the country. The claimant not having spoken when he should have spoken is estopped from speaking now.
The judgment of the court is that the petition be dismissed.
Weldon, J., did not sit in this case and took no part in the decision.